IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EUNICE WERTHEIM, | ) CASE NO. 1:16-CV-2919 |
| Plaintiff, | ) |
| vs. | ) JUDGE DONALD C. NUGENT |
| METROPOLITAN LIFE INSURANCE COMPANY, et al. | ) |
| Defendants. | ) **MEMORANDUM AND OPINION** |

This matter is before the Court upon Defendant's, Metropolitan Life Insurance Company's (hereafter "MetLife"), Motion to Dismiss Count Two of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF #9). Plaintiff, Eunice Wertheim (hereafter "Ms. Wertheim"), filed an Opposition to the Motion to Dismiss (ECF #14), and MetLife filed a Reply brief. (ECF #15). After careful consideration of the briefs and all relevant authority, MetLife's Motion to Dismiss Count Two of Plaintiff's Complaint is GRANTED.

I.  FACTUAL BACKGROUND[1]

Ms. Wertheim is the surviving spouse and designated beneficiary of Richard A. Wertheim (the "Decedent"). (ECF #1, ¶ 3). On November 27, 2015, the Decedent sustained a head injury which caused paralysis and a subdural hematoma. *(Id.* at ¶¶ 12 and 14). The Decedent died as a result of these injuries on December 5, 2015.

---

[1] In accordance with the applicable standards of a motion to dismiss, the facts in the Complaint have been taken as true for purposes of this opinion.

The Decedent was a federal employee working for the Internal Revenue Service at the time of his death, and was covered for life insurance benefits under the Federal Employees Group Life Insurance Program (hereafter "FEGLI"). (*Id.* at ¶¶ 12 and 61). Claims for FEGLI benefits are submitted to the Office of the Federal Employees Benefit Group Life Insurance ("OFEGLI"), which is "an office of MetLife." (*Id.* at ¶ 7). On January 4, 2016, MetLife was notified of the Decedent's passing. (*Id.* at ¶ 21).

At the time of filing the Complaint, MetLife had not fully paid the benefits available to Plaintiff pursuant to Mr. Wertheim's FEGLI Contract (hereafter the "Contract"). (See ECF #9, p.4 and Ex. A). Plaintiff alleged in the Complaint Breach of Contract (Count One) against all Defendants and Bad Faith (Count Two) against MetLife only.

MetLife asks this Court to dismiss Count Two of the Complaint.

II. LEGAL ANALYSIS

A. Standard of Review

In considering a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), this Court must accept all material allegations contained in the complaint as true, and construe them in the light most favorable to the non-moving party. *Top Flight Ent., Ltd. v. Schuette*, 729 F.3d 623, 630 (6th Cir. 2013); *Bishop v. Lucent Technologies, Inc.*, 520 F. 3d 516, 519 (6th Cir. 2008). To survive a motion to dismiss, a "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions cloaked as factual allegations will not suffice to survive a motion to dismiss. *Id.*

A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient; "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007); *see also Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007). A complaint must be facially plausible, containing "sufficient factual matter ... to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570).

B.  Dismissal of Count Two

MetLife argues that the bad faith claim should be dismissed because it is preempted by federal law. Section 8709(d)(1) of the Federal Employees' Group Life Insurance Act ("FEGLIA"), 5 U.S.C. § 8701 et seq., provides that the provision of the insurance Contract "shall supercede and preempt any law of any state . . . which relates to group life insurance to the extent that the law or regulation is inconsistent with the contractual provisions."

The Contract also contains a preemption clause, which provides that "the Act, Regulations, and this Contract supercede and preempt any law or regulation of any State which relates to the provision and administration of group life insurance." (ECF #8-1, Sec. 1.3(d)). Other relevant language within the Contract limits the damages, fees and other monies recoverable in any lawsuit involving the FEGLI program. Specifically, Section 1.17 of the Contract states that "the claimant will be limited in the amount of recovery to the benefit that would be payable" under the program, and that "no extra-contractual, punitive, compensatory, consequential damages, or attorney's fees shall be recoverable under the FEGLI program." (See *Id.*, Sec. 1.7). Therefore, under the

provisions of both FEGLIA and the Contract, claims under FEGLI are limited to the recovery of benefits and interest.

Count Two of Plaintiff's Complaint claims that "MetLife's actions were done in bad faith and with malice," "MetLife acted in bad faith under Ohio law." (ECF #1, ¶¶ 83 and 85). The Complaint requests "actual damages, prejudgment interest, punitive damages and attorney's fees." (*Id.* at ¶ 86). However, both FEGLIA and the Contract expressly preempt such a claim. *See, e.g., Hillman v. Maretta*, 133 S.Ct. 1943, 1945, 186 L.Ed.2d 43 (2013)(finding "state law is pre-empted by FEGLIA to the extent of any conflict with a federal statute"); *Matthews v. Matthews*, 926 F.Supp. 650, 652 (N.D.Ohio May 24, 1996)("Congress provided in 5 U.S.C. § 8709(d)(1) that FEGLI policies preempt state law.").

Ms. Wertheim has not provided this Court with any counter-arguments or case law to refute the finding that her bad faith claim is preempted by FEGLIA. Rather, Ms. Wertheim's Opposition motion sets forth unsupported factual statements[2] and irrelevant legal arguments.[3] While it is unclear to this Court whether all benefits payments under the Contract have been made to Ms. Wertheim at this time,[4] that does not affect this Court's decision that Ms. Wertheim's state law claims are preempted by FEGLIA.

---

[2] See, e.g., ECF #14, p. 1: "MetLife...asserts it can do whatever it wants in the handling of a claim without repurcussions."

[3] See Id.: "any asserted immunity MetLife has is lost." MetLife did not argue immunity from suit.

[4] But see ECF #15 p.2, n.1 ("Plaintiff's AD&D claim has been paid which satisfied Count I of the complaint as well.").

III. CONCLUSION

Based upon the foregoing, Count Two of Plaintiff's Complaint, which contains a bad faith claim based upon state law, is preempted by FEGLIA and is hereby DISMISSED.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: May 16, 2017